## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| REGINA COWEN<br>2301 Sterling Road<br>Yardley, PA 19067<br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHICO'S FAS, INC.<br>150 Quaker Bridge Mall, 1093B<br>Lawrenceville, NJ 08648<br>　　　　　Defendant. | Civil Case No.: _____<br><br>**JURY TRIAL DEMANDED** |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Regina Cowen ("Plaintiff"), by and through her undersigned attorneys, for her Complaint against Defendant, Chico's FAS, Inc. ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff brings this Complaint contending that Defendant interfered with the exercise of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and retaliated against Plaintiff for exercising her rights under the same.

### PARTIES

2. Plaintiff, Regina Cowen, is a citizen of the United States and the Commonwealth of Pennsylvania, currently residing at 2301 Sterling Road, Yardley, PA 19067.

3. Upon information and belief, Defendant, Chico's FAS, Inc., is a for-profit corporation organized and existing under the laws of the State of Florida with a registered agent address of 11215 Metro Pkwy, Fort Myers, FL 33966-1206 and maintains a principal place of

business within the State of New Jersey located at 150 Quaker Bridge Mall, 1093B, Lawrenceville, NJ 08648.

**JURISDICTION AND VENUE**

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. This is an action authorized and existing pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

6. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331 and 1343 as it is a civil rights action arising under the laws of the United States.

7. The venue in this district is proper pursuant to 28 U.S.C. § 1391, as the unlawful practices of which Plaintiff is complaining were committed in this district within the State of New Jersey.

**FACTUAL BACKGROUND**

8. Paragraphs 1 through 7 are hereby incorporated by reference as though the same were fully set forth at length herein.

9. Defendant has employed approximately fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's worksite in Lawrenceville, NJ during at least twenty (20) workweeks in 2024 and 2023.

10. On or about June 1, 2022, Plaintiff began her employment with Defendant in the position of Assistant Store Manager at Defendant's Lawrenceville, NJ location.

11. At all times material hereto, Plaintiff performed her job well, receiving occasional praise for her work performance, and no justifiable discipline.

12. In or around the Fall of 2024, Plaintiff was experiencing health issues related to her back and spine.

13. At all times material hereto, Plaintiff informed Defendant of the same, keeping Defendant informed as time went on.

14. Plaintiff's doctor opined that Plaintiff required a spinal fusion surgery.

15. Plaintiff's spinal surgery and health issues related to her back and spine qualify as a serious health condition within the meaning of the FMLA, and the same required ongoing treatment for an extended period of time.

16. Accordingly, Plaintiff requested FMLA leave with Defendant for her spinal surgery, completing all of the required and requested paperwork.

17. Plaintiff was told that she was approved for FMLA leave for the required twelve (12) weeks, or from on or about September 23, 2024 until on or about December 16, 2024.

18. Plaintiff utilized the FMLA leave and underwent her spinal surgery on or about October 9, 2024.

19. Following her spinal surgery, Plaintiff's doctor placed her on bed rest to allow her to recover from the same.

20. As Plaintiff worked for Defendant for quite some time, she developed a working relationship with her Manager, Doreen McMichael ("Ms. McMichael").

21. Plaintiff kept Ms. McMichael informed about her health and the fact that she was doing well in doctor's care following her surgery.

22. Ms. McMichael acknowledged Plaintiff's status, replying that it was great to her about her progress.

23. As detailed herein, on or about November 25, 2024, Defendant suddenly and unexpectedly gave Plaintiff's position as Assistant Store Manager away, by hiring Danna Last Name Unknown ("Danna LNU").

24. Notably, Plaintiff's position was given away while she was on job-protected and approved FMLA leave.

25. Danna LNU was hired directly into Plaintiff's position of Assistant Store Manager.

26. In or around early January, Plaintiff called the store and spoke with Ms. McMichael about her health status and return to work.

27. Ms. McMichael commented that she "couldn't wait" for Plaintiff to come back and that she was having issues with Danna LNU.

28. On or about January 14, 2025, Plaintiff again called the store and spoke with Ms. McMichael about her health status and return to work.

29. For the first time, Ms. Michael stopped Plaintiff and solely stated, "I cannot talk to you" and that Plaintiff needed to call Human Resources.

30. Plaintiff proceeded to call Human Resources and spoke with Attie Hynes ("Ms. Hynes")

31. Ms. Hynes stated to Plaintiff, "I cannot talk to you. You need to call the store. They gave your job away on November 25, 2024."

32. Confused, Plaintiff proceeded to call Defendant's Corporate Office and spoke with a District Manager.

33. Plaintiff stated that she could not understand or believe that her position was given away while she was covered on FMLA leave.

34. Defendant's District Manager solely stated, "I had to protect my business."

35. Accordingly, Plaintiff was terminated from her employment on or about November 25, 2024 when Defendant hired Danna LNU into Plaintiff's position whilst Plaintiff was still on job-protected FMLA leave.

36. Plaintiff became aware of her termination on or about January 14, 2025, as she was told that her position was filled and she could no longer work for Defendant.

37. It is believed and therefore averred that Defendant terminated Plaintiff's employment while Plaintiff was on job-protected FMLA leave.

38. It is believed and therefore averred that Defendant terminated Plaintiff's employment in retaliation for Plaintiff's exercise of her rights under the FMLA to take leave in order to seek medical treatment for her serious health condition.

39. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

**COUNT I**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. 2601,** *et seq.*
**<u>INTERFERENCE</u>**

40. Paragraphs 1 through 39 are hereby incorporated by reference as though the same were fully set forth at length herein.

41. Defendant is a "covered employer" under the FMLA and employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of (20) or more calendar weeks in 2024 and 2023.

42. Plaintiff was an eligible employee under the FMLA and was entitled to take up to twelve (12) weeks of unpaid leave in order to seek treatment and/or care for her serious health condition.

40. Defendant violated the FMLA by terminating Plaintiff's employment while Plaintiff was utilizing job-protected leave under the FMLA.

43. The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

44. As a result of Defendant's actions, Plaintiff has suffered significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in her favor and against Defendant, and grant her the maximum relief allowed by the law, including, but not limited to:

    A.    Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

    B.    Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

    C.    Liquidated damages;

    D.    Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

    E.    Pre-judgment interest in an appropriate amount; and

    F.    Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

**29 U.S.C. 2601,** *et seq.*
**<u>RETALIATION</u>**

44. Paragraphs 1 through 43 are hereby incorporated by reference as though the same were fully set forth at length herein.

45. Defendant is a "covered employer" under the FMLA and employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's worksite.

46. Plaintiff was an eligible employee under the FMLA and was entitled to take up to twelve (12) weeks of unpaid leave in order to care for her serious health condition.

47. Defendant violated the FMLA by terminating Plaintiff for taking FMLA-qualifying leave and/or in retaliation for exercising her rights under the FMLA.

48. The aforementioned actions of Defendant constitute retaliation under the FMLA.

49. As a result of Defendant's actions, Plaintiff has suffered significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in her favor and against Defendant, and grant her the maximum relief allowed by the law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

C. Liquidated damages;

D. Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

E. Pre-judgment interest in an appropriate amount; and

F.  Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

Date: May 20, 2025          By:  */s/ Andrew J. Schreiber*
Andrew J. Schreiber, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
aschreiber@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.